ORIGINAL


FILED
SEP 1 5 2004
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| GERALD RAY and KATHRYN RAY, husband and wife, MARTIN CHAMBERLIN and CAROL CHAMBERLIN, husband and wife, CRAIG OWENS and TAMMY OWENS, husband and wife, JEFFREY SHEEHAN and SANDRA SHEEHAN, husband and wife, STEVEN ROBERTS and SUSAN ROBERTS, husband and wife, FREDERIC VICIK and LINDA VICIK, husband and wife, STEVEN FARRAR and KARIN FARRAR, husband and wife, HANK WAGGONER and EDEN WAGGONER, husband and wife, PATRICK HALUPTZOK and CHENOA HALUPTZOK, husband and wife, LESTER PETERSON and BARBARA PETERSON, husband and wife, LAUREN JENKINS, TERRY PIETROMONACO, GARY NELSON, HANS APEL and PAMELA BURTON, husband and wife, | No. **04-1457L**<br><br>Honorable _____ |

Plaintiffs,

v.

UNITED STATES,

Defendant.

## COMPLAINT

Plaintiffs allege the following:

1

ORIGINAL

## INTRODUCTION

1.  The United States, through the issuance of a Notice of Interim Trail Use (NITU) under the National Trails System Improvement Act of 1988, Public Law 100-170, 10s Stat. 2281 (1988), 16 U.S.C. § 1248 (c)-(f), has taken Plaintiffs' property rights by denying them a reversionary interest in a railroad right of way located on their respective properties that has been abandoned by the railroad. Plaintiffs seek just compensation as required by the Fifth Amendment to the United States Constitution.

## PARTIES

2.  Plaintiffs Gerald Ray and Kathryn Ray, husband and wife, are residents of the State of Washington. Plaintiffs claim an interest in the real property which has been taken by the Federal government. Plaintiffs are the fee simple owners of property commonly referred to by street address as follows: 1721 East Lake Sammamish Place SE, Sammamish, Washington. The property is the residence of Plaintiffs.

3.  Plaintiffs, Martin Chamberlin and Carol Chamberlin, husband and wife, are residents of the State of Washington. Plaintiffs claim an interest in the real property which has been taken by the Federal government. Plaintiffs are the fee simple owners of property commonly referred to by street address as follows: 1817 East Lake Sammamish Place SE, Sammamish, Washington. The property is the residence of Plaintiffs.

4.  Plaintiff Craig Owens and Tammy Owens are residents of the State of Washington. Plaintiffs claim an interest in the real property which has been taken by the Federal government. Plaintiffs are the fee simple owners of property commonly referred to

by street address as follows: 1619 East Lake Sammamish Place, Sammamish, Washington. The property is the residence of Plaintiffs.

5. Plaintiffs, Jeffrey Sheehan and Sandra Sheehan, husband and wife, are residents of the State of Washington. Plaintiffs claim an interest in the real property which has been taken by the Federal government. Plaintiffs are the fee simple owners of property commonly referred to by street address as follows: 1913 East Lake Sammamish Place SE, Sammamish, Washington. The property is the residence of Plaintiffs.

6. Plaintiffs, Steven Roberts and Susan Roberts, husband and wife, are residents of the State of Washington. Plaintiffs claim an interest in the real property which has been taken by the Federal government. Plaintiffs are the fee simple owners of property commonly referred to by street address as follows: 1635 East Lake Sammamish Place SE, Sammamish, Washington. The property is the residence of Plaintiffs.

7. Plaintiffs, Frederic Vicik and Linda Vicik, husband and wife, are residents of the State of Washington. Plaintiffs claim an interest in the real property which has been taken by the Federal government. Plaintiffs are the fee simple owners of property commonly referred to by street address as follows: 1203 East Lake Sammamish Shore Lane SE, Sammamish, Washington. The property is the residence of Plaintiffs.

8. Plaintiffs, Steven and Karin Farrar, husband and wife, are residents of the State of Washington. Plaintiffs claim an interest in the real property which has been taken by the Federal government. Plaintiffs are the fee simple owners of property commonly referred to by street address as follows: 1116 East Lake Sammamish Parkway, Sammamish, Washington. The property is the residence of Plaintiffs.

9. Plaintiffs, Hank and Eden Waggoner, husband and wife, are residents of the State of Washington. Plaintiffs claim an interest in the real property which has been taken by the Federal government. Plaintiffs are the fee simple owners of property commonly referred to by street address as follows: 1919 East Lake Sammamish Place SE, Sammamish, Washington. The property is the residence of Plaintiffs.

10. Plaintiffs, Patrick Haluptzok and Chenoa Haluptzok, husband and wife, are residents of the State of Washington. Plaintiffs claim an interest in the real property which has been taken by the Federal government. At the time of the taking, Plaintiffs were the fee simple owners of property commonly referred to by street address as follows: 1907 East Lake Sammamish Place SE, Sammamish, Washington. At the time of the taking, the property was the residence of Plaintiffs.

11. Plaintiffs, Lester Peterson and Barbara Peterson, husband and wife, are residents of the State of Washington. Plaintiffs claim an interest in the real property which has been taken by the Federal government. Plaintiffs are the fee simple owners of the subject property. The property is the residence of Plaintiffs and commonly referred to by street address as follows: 1801 East Lake Sammamish Place SE, Sammamish, Washington. The property is the residence of Plaintiffs.

12. Plaintiff Lauren Jenkins is a resident of the State of Washington. Plaintiff claims an interest in the real property which has been taken by the Federal government. Plaintiff is the fee simple owners of the subject property. The subject property is commonly referred to by street address as follows: 1601 East Lake Sammamish Place SE, Sammamish, Washington. The property is the residence of Plaintiff.

13. Plaintiff J. Terry Pietromonaco is a resident of the State of Washington. Plaintiff claims an interest in the real property which has been taken by the Federal government. Plaintiff is the fee simple owners of the subject property. The subject property is commonly referred to by street address as follows: 1711 East Lake Sammamish Place SE, Sammamish, Washington. The property is the residence of Plaintiff.

14. Plaintiff Gary Nelson is a resident of the State of Washington. Plaintiff claims an interest in the real property which has been taken by the Federal government. At the time of the taking, Plaintiff was the fee simple owners of the subject property. The subject property is commonly referred to by street address as follows: 1705 East Lake Sammamish Place SE, Sammamish, Washington. The property was the residence of Plaintiff.

15. Plaintiffs Hans Apel and Pamela Burton, husband and wife, are residents of the State of California. Plaintiffs claim an interest in the real property which has been taken by the Federal government. At the time of the taking, Plaintiffs were the fee simple owners of the subject property. The subject property is commonly referred to by street address as follows: 1809 East Lake Sammamish Place SE, Sammamish, Washington. The property was the residence of Plaintiffs.

**JURISDICTION**

16. This Court has jurisdiction over these claims pursuant to the Tucker Act, 28 U.S.C. Section 1491, because the claims for relief made herein are founded upon the Fifth Amendment to the United States Constitution and the claims are for amounts in excess of $10,000.

**FACTS**

17. When Plaintiffs purchased their properties, their respective titles were encumbered by an easement for a railroad right-of-way that traverses through each of their properties. This easement was granted by Plaintiffs' common predecessor in ownership, Bill and Mary Hilchkanum, by deed dated May 9, 1887. A copy is attached hereto as Exhibit A.

18. Effective September 18, 1998, the Surface Transportation Board ("STB") approved interim trail use (a.k.a. "railbanking") of the right of way easement through Plaintiffs' respective properties by issuing a Notice of Interim Trail Use ("NITU") and granting an exemption to Burlington Northern and Santa Fe Railway Company (BN) to abandon the use of subject right of way as an active rail line. This ruling authorized the conversion of the railroad corridor, including each subject property, into a recreational trail under the National Trail System Act, 16 U.S.C. 1247(d). *See* Surface Transportation Board Decision and Notice of Interim Trail Use or Abandonment, attached hereto as Exhibit B. BN subsequently reached an agreement with King County, Washington for use of the right of way for trail purposes and BN has fully abandoned the line.

**FIRST CLAIM FOR RELIEF**
**(Taking of Property Without Compensation)**

19. Plaintiffs incorporate paragraphs 1 through 18 by reference as if fully set forth herein.

20. BN has abandoned the subject railroad right of way. Plaintiffs have a property right in the reversionary interest to the right of way as it traverses through Plaintiffs' respective properties. As to each Plaintiff, that property right has been taken by the Federal

government through the issuance of the NITU and conversion of the right of way into use as an interim trail.

21.    Plaintiffs are each entitled to just compensation under the Fifth Amendment to the United States Constitution for the taking of their respective property right.

### DEMAND FOR JUDGMENT

WHEREFORE, Plaintiffs pray for the following relief:

1.    Just compensation, in an amount to be determined at trial, as required by the Fifth Amendment to the United States Constitution for the property rights taken by the Federal government as alleged above.

2.    An award of compound interest from the date of the taking until the judgment is paid.

3.    An award of reasonable costs, disbursements and expenses, including reasonable attorneys' fees and fees of experts incurred as authorized by 42 U.S.C. § 4654(c).

RESPECTFULLY SUBMITTED this 14th day of September, 2004.

By: _/s/ John M. Groen_
John M. Groen
Diana M. Kirchheim
Attorneys for Plaintiffs

GROEN STEPHENS & KLINGE LLP
2101 – 112th Avenue NE, Suite 110
Bellevue, WA 98004-2944
Telephone (425) 453-6206
Fax (425) 453-6224

# EXHIBIT A

In presence of
B. J. Tallman                    Hans Anderson    [Seal]
J. N. Haller

Territory of Washington } ss
County of King }

I hereby certify that on this 6th day of May A.D. 1887 before me a Notary public in and for Washington Territory personally came Hans Anderson to me known to be the individual described in and who executed the within instrument and acknowledged that he signed and sealed the same as his free and voluntary act and deed for the uses and purposes therein mentioned.

Witness my hand and official seal the day and year in this certificate first above written.

B. J. Tallman       [Seal]
Notary Public in and for Washington Territory

filed for record at the request of Burk and Haller May 9th A.D. 1887 at 5 min past 1 P.M.

Lyman Wood
County Auditor

13449   Bill Hilchkanum and wife } Right of Way Deed
          To
          S. L. S. and E. R'y Co.

In consideration of the benefits and advantages to accrue to us from the location construction and operation of the Seattle Lake Shore and Eastern Railway in the county of King in Washington Territory we do hereby donate grant and convey unto said Seattle Lake Shore and Eastern Railway Company a right of way one hundred (100) feet in width through our lands in said County described as follows to wit

Lots one (1) two (2) and three (3) in section six (6) Township 24 North of Range six (6) East

Said right of way strip to be fifty (50) feet in width on each side of the center line of the railway track as located across our said lands by the Engineer of said railway Company which location is described as follows to wit

commencing at a point 400 feet West from North East corner of Section Six (6) Township 24 N R 6 East and running thence on a one (1) degree curve to the left for 753 3/10 feet, thence South 16 degrees and 34 minutes West 774 2/10 feet, thence with a 3 degree curve to the right for 700 feet, thence with an 8 degree curve to the right for 260 4/10 feet, thence South 58 degrees and 24 min West 259 4/10 feet, thence with an 8° curve to the left for 564 4/10 feet, thence South 13° 15' W. 341 4/10 feet, thence with a 6° curve to the right for 383 3/10 feet, thence S 36° 15 W 150 feet to South boundary of Lot 3 of said Sec. 6 which point is 1320 feet North and 2170 feet West from S.E. Corner of said Sec 6.

And the said Seattle Lake Shore and Eastern Railway Company shall have the right to go upon the land adjacent to said line for a distance of two hundred (200) feet on each side thereof and cut down all trees dangerous to the operation of said road.

To have and to hold the said premises with the appurtenances unto the said party of the second part and to its successors and assigns forever.

In Witness Whereof the parties of the first part have hereunto set their hands and seals this 9th day of May A.D. 1882
Signed Sealed and delivered
in presence of

B. F. Tallman                Bill  his X mark  Hilchkamen    [seal]
J. F. Denny                  Mary  her X mark  Hilchkamen    [seal]

Territory of Washington  }
County of King           } ss

I hereby certify that on this 9th day of May A.D. 1882 before me a Notary Public in and for Washington Territory personally came Bill Hilchkamen and Mary Hilchkamen to me known to be the individuals described in and who executed the within instrument and acknowledged that they signed and sealed the same as their free and voluntary act and deed for the uses and purposes therein mentioned. And the said Mary Hilchkamen wife of said Bill Hilchkamen upon an examination by me separate and apart from her said husband when the contents of said instrument were by me fully made

252

known that he and she was by me fully apprised of her rights and the effect of signing the within instrument did fully and voluntarily separate and apart from her said husband sign and acknowledge the same acknowledging that she did voluntarily of her own free will and without the fear of or coercion from her husband execute the same.

Witness my hand and official seal the day and year in this certificate first above written.

B. J. Tallman
Notary Public in and for Washington Territory

Filed for record at the request of Kirk & Haller Nov. 9th A.D. 1882 at 6 min past 1 P.M.

Lyman Wood
County Auditor

13450  Alfred Pearson + wife
to
S. L. S. and E. R. y. Co.

Right of Way Deed

In Consideration of the benefits and advantages to accrue to us from the location construction and operation of the Seattle Lake Shore and Eastern Railway in the County of King in Washington Territory, we do hereby donate grant and convey unto said Seattle Lake Shore and Eastern Railway Company a right of way one hundred (100) feet in width through our lands in said County described as follows to wit:

South West quarter of North West quarter of Section Eight (8) Township twenty six (26) North of Range five (5) East.

Such right of way strip to be fifty (50) feet in width on each side of the centre line of the railway track as located across our said lands by the engineer of said Railway Company which location is described as follows to wit:

Commencing at a point 630 feet due North from quarter section corner on West boundary of Section Eight (8) Township twenty six (26) North of Range five (5) East being also station No. 330 + 55 + 2 R. line and running thence with a

# EXHIBIT B

**FILE COPY**

# EXHIBIT

**Case**

| Docket No. | Title |
|---|---|
| AB 6 380 X | BURLINGTON NORTHERN ABANDONMENT EXEMPTION - IN KING COUNTY, WA |

**Decision Summary**

MODIFIED TO THE EXTENT NECESSARY THE DECISION SERVED AUGUST 5, 1998, TO IMPLEMENT INTERIM TRAIL USE/RAIL BANKING AS SET FORTH IN THIS DECISION.

| Docket No. | Title |
|---|---|

**Download Files**

WP Envoy (requires viewer)       WordPerfect                      Graphics/Maps/Figures:

- 29583.evy                       - 29583.wpd

Size of PDF File: 0.00 MB

Approximate download time at 28.8 : 0 Minute(s)

Note:
Some installations of Adobe Acrobat 3 browser plug-ins cannot open large PDF files. If you experience problems viewing our files, we recommend upgrading to an Acrobat 4 reader available free at www.adobe.com.

**Full Text of Decision**

29583

SERVICE DATE - SEPTEMBER 18, 1998

DO

SURFACE TRANSPORTATION BOARD

DECISION AND NOTICE OF INTERIM TRAIL USE OR ABANDONMENT

STB Docket No. AB-6 (Sub-No. 380X)

THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY

--ABANDONMENT EXEMPTION--IN KING COUNTY, WA

Decided: September 16, 1998

In a decision served May 13, 1998, the Board granted The Burlington Northern and Santa Fe Railway Company (BNSF) an exemption to abandon a 12.45-mile line of railroad between milepost 7.3, near Redmond, and milepost 19.75, at Issaquah, in King County, WA ( the Redmond-Issaquah Line), subject to labor protective and environmental conditions. Thereafter, in a decision served August 5, 1998, the Board rejected an offer of financial assistance filed by Redmond-Issaquah Railroad Preservation Association under 49 U.S.C. 10904 to continue service on the line.(1)

Also in the August 5 decision, the Board deferred action on requests by King County and The Land Conservancy of Seattle and King County (TLC) that the Board impose interim trail use/rail banking under 16 U.S.C. 1247(d). The Board noted that King County and TLC had submitted statements of

http://www.stb.dot.gov/decisions/ReadingRoom.nsf/dd3c7524168c498185256507004c4a19/b708836A029c146f

willingness to assume financial responsibility for the right-of-way and acknowledged that use of the right-of-way is subject to possible future reconstruction and reactivation of the right-of-way for rail service, as required under 49 CFR 1152.29. The Board also found that the requests complied with the requirements for interim trail use/rail banking. However, the Board deferred action on the requests pending BNSF's notifying the Board as to whether the railroad was going to exercise its abandonment exemption authority and, if so, whether it was willing to negotiate for trail use.

By letter filed August 10, 1998, BNSF has notified the Board that it intends to act on its abandonment exemption authority. BNSF also joins in the requests that a notice of interim trail use (NITU) be issued in this proceeding.

The requests by King County and TLC comply with the requirements of section 1152.29, and BNSF is willing to negotiate for trail use. Therefore, a NITU will be issued. The parties may negotiate an agreement during the 180-day period prescribed below. If BNSF reaches a mutually acceptable final agreement or agreements with King County and/or TLC, no further Board action is necessary. If no agreement is reached within 180 days, BNSF may fully abandon the line. See 49 CFR 1152.29(d)(2). Use of the right-of-way for trail purposes is subject to restoration for railroad purposes.

This action will not significantly affect either the quality of the human environment or the conservation of energy resources.

It is ordered:

1. This proceeding is reopened.

2. Upon reconsideration, the decision served August 5, 1998, exempting BNSF's abandonment of the Redmond-Issaquah Line, is modified to the extent necessary to implement interim trail use/rail banking as set forth below for a period of 180 days from the service date of this decision and notice.

3. If an interim trail use/rail banking agreement is reached, it must require the trail user to assume, for the term of the agreement, full responsibility for management of, for any legal liability arising out of the transfer or use of (unless the user is immune from liability, in which case it need only indemnify the railroad against any potential liability), and for the payment of any and all taxes that may be levied or assessed against, the right-of-way.

4. Interim trail use/rail banking is subject to the future restoration of rail service and to the user's continuing to meet the financial obligations of the right-of-way.

5. If interim trail use is implemented, and subsequently the user intends to terminate trail use, it must send the Board a copy of this decision and notice and request that it be vacated on a specified date.

6. If an agreement for interim trail use/rail banking is reached by the 180th day after service of this decision and notice, interim trail use may be implemented. If no agreement is reached by that time, BNSF may fully abandon the line, provided that the labor protective and environmental conditions imposed in the August 5 decision are met.

7. This decision is effective on its service date.

By the Board, David M. Konschnik, Director, Office of Proceedings.

Vernon A. Williams

Secretary

1. See pages 1-5 of the decision for a more detailed discussion of the history of this and related